McLain agt. Van Zandt.

## NEW YORK SUPERIOR COURT.

MARY McLAIN, an Infant, &c., agt. THOMAS VAN ZANDT.

*Contributory negligence by a parent which prevents recovery for an injury to his child.*

It is not the policy of the law to award damages where there has been any relaxation of parental duties and obligations toward a feeble or unprotected child, that may tend to encourage or induce neglect — still less when a parent by a direct act, exposes a child at a helpless or tender age to suffer injury, does the law favor the recovery of damages for an injury thus caused.

*Special Term, November*, 1874.

*John T. Williams,* for plaintiff.

*John Sherwood,* for defendant

CURTIS, *J.*—The action is to recover damages for injuries sustained by falling into an unprotected area on defendant's premises. The father, who lived next door, and had a constant opportunity of seeing the area, sent the plaintiff, an infant three years and eight months old, across the street unattended, telling her to go to her mother. He testifies : "Away she went, and I watched her to see whether she 'would go in ; and just as she went there she lifted her foot to go up — there is only one step to the door — as she lifted her foot to go up that step she fell into the areaway."

There was no dispute as to these facts, and the judge dismissed the complaint at the trial. This can only be sustained on the ground that there was negligence on the part of the father, which contributed to the plaintiff's injury

McLain agt. Van Zandt.

· The child was of such tender years that it was incapable of self-protection, and could not be responsible for its own acts, and, by a law of nature, relies upon its parents for guidance and protection.

I am inclined to think that it was the duty of the father, who was familiar with the locality and the risk the child was exposed to in crossing the street and ascending the step, to have accompanied the child instead of standing at a distance and watching it to see whether she would go in. This very act shows that he felt a doubt as to its capacity to perform the brief journey, and it was reasonable that he should feel so.

It is not the policy of the law to award damages where there has been any relaxation of parental duties and obligations toward a feeble or unprotected child, that may tend to encourage or induce neglect — still less when a parent, by a direct act, exposes a child at a helpless and tender age to suffer injury, does the law favor the recovery of damages for an injury thus caused.

This case seems to be one where there was negligence on the part of the father, which contributed to the plaintiff's injury, and where no question of fact existed to be submitted to the jury. The judge at the trial properly granted the motion to dismiss the complaint (*Mangan* agt. *Brooklyn R. R.*, 38 *N. Y.*, 458; *Bulger* agt. *The Albany R. R.*, 42 *N. Y.*, 462).

The motion for a new trial must be denied.